ALBANY,
Jan. 1814.

KLINE
v.
LOW.

**KLINE** *against* LOW.

K. subscribed to a work to be published in 120 numbers; L., the publisher, died before all the numbers were delivered, and his administratrix afterwards completed the numbers, and sent them to K. who refused to receive and pay for them; it was held that the contract having been completed by the administratrix, K. was bound to pay for the numbers so delivered by her after the death of L.

IN ERROR, on *certiorari*, from a justice's court. *Low* sued *Kline* before the justice, for 46 numbers of a book, at 25 cents each, and a book of plates, at two dollars, amounting to 14 dollars and 25 cents. It appeared that the husband of the plaintiff, in his lifetime, issued proposals for publishing by subscription a new and complete encyclopœdia, to be comprised in 120 numbers, or six volumes quarto, each number to be accompanied with one or more plates, &c. A note of hand was to be given with the 10th number to each subscriber, engaging to deliver the surplus numbers, if any, *gratis*. The defendant was one of the subscribers to the work, and had received 92 numbers, being all that were published in the lifetime of the intestate, and had paid for the same. The subscription paper containing the name of the defendant was proved to be lost or mislaid, and the contents were testified to by a witness. The plaintiff administered on the estate of her husband, who died the 23d of *May*, 1806. After the death of her husband, she published, at her own expense, for the benefit of the subscribers, 49 numbers, which were necessary for the completion of the work, making in the whole 141 numbers. None of the 49 numbers, published by her, were offered to the defendant until about three weeks before the trial of the cause, when the whole of them, with the book of extra plates, were left at the house of the defendant in his absence, and he, afterwards, on being called upon for that purpose, refused to pay for them, and desired the witness to take them back. The note of hand for the surplus numbers, mentioned as one of the terms of subscription, though called for, was not produced by the defendant, who said he claimed none of those numbers. The defendant moved for a nonsuit; 1. On the ground that there was no evidence of any contract, express or implied, between the plaintiff and defendant; 2. If any such contract did exist, it was within the statute of frauds; 3. That if the evidence showed a contract made with the husband of the plaintiff in his lifetime, then the plaintiff ought to have sued, or declared in

her representative character, as administratrix; 4. That the written contract spoken of by the witness ought to have been complied with; 5. That the terms of the subscription had been fulfilled by the plaintiff or the intestate; 6. That the defendant could not be liable for the 21 surplus numbers and book of plates. The court below overruled all these objections, and gave judgment for the plaintiff, for the 14 dollars and 25 cents.

The cause was submitted to the court without argument.

*Per Curiam.* The demand of the plaintiff below for all, except the surplus numbers, was valid; as she, being administratrix, went on, after the death of her husband, and completed the contract. The surplus numbers were not within the contract, and as the justice expressly allowed that part of the demand, amounting to more than one half of the sum recovered, there is too great an excess in the recovery to be overlooked, especially as it was made a point before the justice. The judgment below must, for that reason, be reversed.